## Case No. 7,435.

### JOICE v. ALEXANDER.

[1 Cranch, C. C. 528.] [1]

Circuit Court, District of Columbia. Dec. Term, 1808.

THE COURT (DUCKETT, Circuit Judge, absent) refused to suffer counsel to argue the case before the triers; but at the request of the defendant's counsel, instructed the triers that the question for them to decide was, whether Matthew Wright stood as a fair, indifferent, unbiased, unprejudiced juror between the parties. On the trial before the triers, the counsel for the petitioner offered to swear Matthew Wright himself, to state what he did say, but THE COURT refused, as the question was whether he was indifferent, and if partial as a juror, he might be supposed not a proper witness. (Quaere de hoc?) See Trials per Pais, 192, 200.

A record of a case from the general court of Maryland was produced, in which it appeared that only the two first sworn jurors were sworn as triers, although five had been sworn.

CRANCH, Chief Judge, thought that all

[1] [Reported by Hon. William Cranch, Chief Judge.]

the jurors sworn, should be triers of the challenge. Trials per Pais, 199.

F. S. Key, for defendant [Robert Alexander], suggested that the witnesses for the petitioner were of bad character, and believed they would not testify fairly if permitted to hear each other's testimony, and moved the court to direct that all the plaintiff's witnesses but one should be excluded from the court room, which THE COURT granted; CRANCH, Chief Judge, doubting very much as to the propriety of such a practice as a general rule, without some further evidence of combination or corruption.

Mr. Key stated, that in the case of Rutherford v. Moore [Case No. 12,174], for slander, at Washington, in June, 1807, the court had made a like order. But although the court had notes of that case, they had no note of such a decision.

Mr. Caldwell, for petitioner, asked the witness what was the general reputation of the neighborhood as to the condition of Ann Joice, who was alleged to have been brought into this county by Lord Baltimore, viz., whether she was a free white woman.

Mr. Key objected to the question, and THE COURT refused to permit it to be asked, and said that evidence of general reputation of a fact, can only be given when the reputation was among free white persons who are dead, or presumed from the length of time to be dead.

F. S. Key, offered a record of the Prince George's court, of the petition for freedom by the mother of the petitioner against N. Young, under whom the defendant claims property, which record stated that the petitioner "no further prosecuted her petition."

THE COURT refused to admit it in evidence, it being wholly immaterial to this issue, whether such a petition were dismissed or not, although it be proved that the petitioner in that case was the mother of the present petitioner, and that the present defendant claims under N. Young.

Mr. Key having proved that Thomas Lane was dead, offered to read his deposition, contained in a record from the general court of Maryland, in a suit between Mahony and Ashton, as the declaration of a person now dead.

Mr. Hiort, Mr. Caldwell, and Mr. Morsell objected. If this cannot be used as a deposition, it is no evidence of his declaration. This is not in the handwriting of Lane; he has not signed it. The deposition is not a matter of record; this is only a copy made by the clerk from a paper filed in his office. It is not his duty to certify such papers. His certificate is not better evidence than that of any other person; even if the original deposition could be evidence, a copy is not. The magistrate, before whom the deposition was taken, might be examined as to the declarations of Mr. Lane. The present petitioner has no opportunity of cross-examination. M'Nally, 390. The petitioner

might, perhaps, show that he was interested. The deposition appears on the face of it to have been read by consent.

Mr. Key, in reply. The original deposition cannot be had out of the court. It is made part of the record, by a bill of exceptions. The record is offered to the court (not to the jury) to satisfy the court that it is the deposition of Lane. The clerk is bound to record all depositions filed in a cause. They make a part of the record. The entry in the record is, "that the said John Ashton, by his attorney, comes here into court and files the following deposition."

(No bill of exceptions made the deposition a part of the record. The question, therefore, was whether a certified copy of a deposition filed in the office of the clerk of the general court of Maryland, be evidence of the declaration of Lane. The certificate of the clerk was authenticated by the chief justice of the court.)

THE COURT (DUCKETT, Circuit Judge, absent, and CRANCH, Chief Judge, doubting) admitted the copy of the deposition to be read in evidence to the jury, as the declaration of a deceased person.

Verdict for defendant.